**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **ROBERT J. KEESLING and** | ) | |
| **LINDSEY M. KEESLING,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:14-cv-01628 - JMS - TAB** |
| | ) | |
| **TIPTON COUNTY PLAN** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter comes before the Court on the motion of Plaintiffs Robert J. Keesling and

Lindsey M. Keesling (the "Keeslings') for a preliminary injunction pursuant to Fed.R.Civ.P.

65(a) and Local Rule 65-2(a). The Keeslings filed their Verified Emergency Motion for

Preliminary Injunction (the "Motion for Injunction") on October 6, 2014. Defendant Tipton

County Plan Commission (the "Plan Commission") filed its response to the Motion for

Injunction on October 17, 2014. The Plan Commission also filed a Motion to Dismiss

Proceedings, or in the Alternative, Motion for Stay Pending State Court Proceeding Resolution

(the "Motion to Dismiss or Stay") on October 17, 2014. The Keeslings filed their reply in

support of the Motion for Injunction on October 27, 2014, and a brief in opposition to the Motion

to Dismiss was filed on October 29, 2014. The Plan Commission filed its reply in support of the

Motion to Dismiss or Stay on November 3, 2014. The Motion for Injunction and Motion to

Dismiss came before the Court for hearing on November 5, 2014. Prior to the hearing, the

parties advised the Court that they reached an agreement to stipulate to the entry of the

preliminary injunction requested by the Keeslings.  Accordingly, the Court enters the following

Order:

## I.  <u>Background</u>

Prairie Acres ("Prairie Acres") is a residential subdivision located in Liberty

Township, Tipton County, Indiana.  *Motion for Injunction,* ¶ 3.  On May 28, 2003, the final plat

(the "Plat") of Prairie Acres Section 10 ("Section 10") was recorded in the office of the Recorder

of Tipton County, Indiana, at Record No. 63, Page 120.  *Motion for Injunction,* ¶ 5.  Section 10

contains seven (7) lots, which are numbered 66 through 72.  *Motion for Injunction,* ¶ 6.  The

Keeslings own and reside at Lot 71 in Section 10, commonly known as 107 Lee Drive,

Sharpsville, Indiana 46068.  *Motion for Injunction,* ¶ 7.  Non-party Aperture LLC ("Aperture")

owns Lots 68 and 69 ("Lots 68 and 69") in Section 10, commonly known as 104 and 106 Lee

Drive, Sharpsville, Indiana 46068.  *Motion for Injunction,* ¶ 8.  The Plat contains certain

Covenants, Conditions, Restrictions and Regulations (the "Plat Restrictions") that restrict the

permitted uses and improvements within Section 10, including without limitation the following:

    a.      All lots in Section 10 shall be used only for residential purposes;

    b.      The dwelling to be erected on each lot must be a single unit or single family type with a minimum floor area of sixteen hundred (1,600) square feet, exclusive of open porches, breezeways, patios, and garages;

    c.      Aside from the dwelling house, no other outbuildings shall be erected or maintained on any lot;

    d.      No building or structure shall be erected, or the erection thereof begun, on any lot until the plans and specifications thereof shall have been approved by E.W. Kelley or some person properly designated in writing by them;

    e.      No buildings of any kind for commercial use shall be erected or maintained on any lot in Section 10;

    f.      No manufacturing or commercial enterprise, or enterprises of any kind for profit, shall be maintained upon, in front of, or in any connection with a lot in Section

10, nor shall any lot in any way be used for other than strictly residential purposes;

g.    No noxious activities shall be carried on which may become an annoyance or a nuisance to the neighborhood at large in Prairie Acres;

h.    The Plat Restrictions operate as covenants running with the land for the benefit of the owners of lots in Section 10, and shall be conveyed with the land.

*Motion for Injunction,* ¶ 9.

The Keeslings and Aperture obtained their respective lots subject to the Plat Restrictions.

*Motion for Injunction,* ¶ 10. On June 25, 2014, Aperture filed a petition with the Plan Commission to vacate Lots 68 and 69 from Prairie Acres and Section 10, and to remove the Plat Restrictions from Lots 68 and 69, which was amended on July 2, 2014 (the "Aperture Petition").

*Motion for Injunction,* ¶ 11. The purpose of Aperture's request to vacate Lots 68 and 69 from Prairie Acres and Section 10, and to remove the Plat Restrictions, is to permit non-residential development on Lots 68 and 69. *Motion for Injunction,* ¶ 12. The Plan Commission held a public hearing (the "Hearing") on the Aperture Petition on July 17, 2014. *Motion for Injunction,* ¶ 14. At the close of the Hearing, the Plan Commission voted to approve the Aperture Petition, thus vacating Lots 68 and 69 from the Plat, and the Plat Restrictions from Lots 68 and 69.

*Motion for Injunction,* ¶ 16. The approval letter from the Plan Commission states that Aperture may construct a parking lot and landscape buffer on Lots 68 and 69 as part of an adjacent commercial enterprise. *Motion for Injunction,* ¶ 17. The Plan Commission did not make written findings of fact to support its decision. *Motion for Injunction,* ¶ 19.[1]

---

[1] The responsibility of a plan commission to make written findings of fact "exists independently of statute." *Cundiff v. Schmitt Dev. Co.,* 649 N.E.2d 1063, 1069 (Ind.Ct.App. 1995) *citing Holmes v. Bd. of Zoning Appeals,* 634 N.E.2d 522, 525 (Ind.Ct.App. 1994). Written findings are necessary to insure adequate judicial review of administrative decisions. *Id.*

## II. **Preliminary Injunction Standard**

When deciding whether to grant or deny a preliminary injunction, the court is to consider whether the moving party has demonstrated (1) some likelihood of prevailing on the merits; (2) the absence of an adequate remedy at law; and (3) irreparable harm if preliminary relief is not granted. *Ferrell v. U.S. Dept. of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the court is satisfied that these factors have been established, the court must then balance the harms to both parties using a "sliding scale" analysis: the greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor. *Id.* The court must also consider the public interest by weighing the effect that either granting or denying the injunction will have on nonparties. *Id.*

## III. **Memorandum and Opinion**

The Keeslings bring this matter pursuant to 42 U.S.C. §1983 as a result of the Plan Commission's alleged violation of the Keesling's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

### A. **There is a likelihood of success that the Keeslings will prevail on the merits.**

Although the plaintiff must demonstrate some probability of success on the merits to obtain a preliminary injunction, the threshold is low. *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 (7th Cir. 1986). It is enough that a plaintiff's chances are better than negligible. *Id.*

A restrictive covenant in a plat is a covenant running with the land. *Daniels v. The Area Plan Commission of Allen County*, 306 F.3d 445, 459 (7th Cir. 2002) citing *Pulos v. James*, 261 Ind. 279, 283 (Ind. 1973). It creates a property right in each grantee and subsequent grantee of a lot in the plat subject to the restriction. *Id.* This property right cannot be taken for a private use.

*Id.* Indiana law permits the vacation of plat restrictions in limited situations. The vacation of a plat restriction is a two step process. First, the plan commission must vacate the lot from the plat by finding that:

> (a) conditions in the platted area have changed so as to defeat the original purpose of the plat;

> (b) it is in the public interest to vacate part of the plat; and

> (c) the value of that part of the land in the plat not owned by the petitioner will not be diminished by the vacation.

*Ind. Code § 36-7-4-711.* Second, after making the required findings under Ind. Code § 36-7-4-711, the vacation of the lot from the plat may include the vacation of any recorded covenants filed with the plat, but only upon a determination that:

> (a) the platted area is within an area needing redevelopment and the covenant vacation would promote a recovery of property values in the area needing redevelopment by allowing or encouraging normal development and occupancy of the platted area;

> (b) the covenant vacation is needed to secure for the public adequate light, air, convenience of access, or safety from fire, flood, or other danger; or

> (c) the covenant vacation is needed to lessen or avoid congestion in the public ways.

*Ind. Code § 36-7-4-714.*

In this case, the Plan Commission failed to make any written findings of fact to support its decision. It did not make the required findings under Ind. Code § 36-7-4-711 and 714. Because the Plan Commission failed to make such findings, the Keeslings have established a strong likelihood in proving that the Commission unconstitutionally applied the statute when it vacated the Plat Covenants. *Scott v. Metropolitan Dev. Com'n of Marion County*, 2002 WL 31921295, *5 (S.D.Ind. Dec. 20, 2002).

### B. The Keeslings have no adequate remedy at law.

Where the harm is an unconstitutional taking of a property right, the plaintiff does not have an adequate remedy at law. *Scott*, 2002 WL 31921295 at *5. The Plat Restrictions are a constitutionally protected property interest. The Plan Commission has dispossessed the Keeslings of their right to enforce the Plat Restrictions. The Keeslings have no adequate remedy at law.

### C. The Keeslings will suffer irreparable harm if preliminary relief is not granted.

Aperture has filed a Petition for Development Plan Review with the Plan Commission seeking to make non-residential improvements to Lots 68 and 69. If preliminary relief is not granted, Aperture, or another entity, will be permitted to commence non-residential development on Lots 68 and 69. This will cause irreparable harm to the Keeslings as such improvements will be in violation of the Plat Restrictions.

### D. The balance of harms weighs in favor of the Keeslings.

The Plat Restrictions were put in place to protect the property rights of the lot owners in Prairie Acres. It is in the public interest to protect the constitutional rights of the Keeslings and other lot owners in Section 10. *Scott*, 2002 WL 31921295 at *5. The harm suffered by the Keeslings far outweighs the harm to be suffered by the Plan Commission. Further, the harm suffered by the Keeslings far outweighs the harm that may be suffered by Aperture.

### E. The public interest will not be disserved by the issuance of a preliminary injunction.

It is in the public interest to protect the constitutional rights of the owners of covenants such as those in this case. *Scott*, 2002 WL 31921295 at *5. The Plan Commission must abide by

constitutional principles in the vacation of restrictive covenants. *Id.* The public interest will not be disserved by the issuance of a preliminary injunction in this matter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that, until further order of this Court:

(a) the Plat Restrictions on Lots 68 and 69 shall remain in force and effect;

(b) the Plan Commission is enjoined from issuing an improvement location permit that permits non-residential development or use of Lots 68 and/or 69; and

(c) the Plan Commission in enjoined from approving a development, site or drainage plan which permits non-residential development or use of Lots 68 and/or 69.

So Ordered this 12th day of November, 2014.


Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian J. Tuohy
btuohy@dtblegal.com

Thomas A. Brodnik
tbrodnik@dtblegal.com

John J. Moore
jmoore@dtblegal.com

John H. Brooke
jbrooke@jhbrookelaw.com

John M. Stevens
jmstevens@jhbrookelaw.com

Leslie M. Mathewson
lmathewson@jhbrookelaw.com

E30131jm

7